# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT KEENAN,            )
                          )
      Plaintiff,     )
                          )
v.                        )   Case No. CIV-18-584-R
                          )
LOUIS BERGER,             )
                          )
      Defendant.    )

## **ORDER**

Plaintiff is an architect specializing in rail transportation infrastructure projects seeking relief from his prior employer, Defendant Louis Berger. Plaintiff was employed in this capacity in Doha, Qatar from November 2016 through February 2017 and alleges that he resigned when Defendant removed him from the project for which he was hired. Plaintiff alleges that Defendant breached the employment contract by failing to support his efforts to lead and direct the project and by failing to provide the necessary support personnel for the project. He further alleges that Defendant made fraudulent misrepresentations to him regarding the staff he would have available to him in Qatar, who were required for successful project completion. Plaintiff also seeks relief on a theory of tortious interference with business relationships and prospective economic advantage premised on his decision to terminate his prior employment to accept the position in Qatar. Before the Court is Defendant's Motion to Dismiss for *Forum Non Conveniens* (Doc. No. 8), to which Plaintiff filed an objection (Doc. No. 10) and Defendant a reply (Doc. No. 11). The Court ordered

the parties to file supplemental briefs, which they have done. (Doc.Nos.14-18). Upon consideration of the parties' submissions, the Court finds as follows.

Defendant seeks dismissal of this action because the Employment Agreement executed by the parties contains a forum selection clause indicating that Qatar is the only appropriate place for legal action related to this contract. "The doctrine of forum *non conveniens* permits a court to dismiss a case when an adequate alternative forum exists in a different judicial system and there is no mechanism by which the case may be transferred. *See* Charles Alan Wright et al., 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed., Nov. 2018 update)" *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019). Before the Court considers whether dismissal is appropriate under *forum non conveniens*, it must first consider the validity of the forum selection clause. *See Presidential Hospitality, LLC v. Wyndham Hotel Group, LLC*, 333 F. Supp. 3d 1179, 1222-23 (D.N.M. 2018)("When faced with a forum selection clause that covers the dispute, a preliminary question is whether that clause is contractually valid.")(*citing Atlantic Marine Constr. Co. v. United States District Court for the Western Dist. of Texas*, 571 U.S. 49, 62, n.5 (2013)); *see also Russell v. De Los Suenos,* No. 13-CV-2081-BEN (DHB), 2014 WL 1028882, at *6 (S.D. Cal. Mar. 17, 2014)("[T]his Court finds it appropriate for a court to consider *Bremen* arguments raised as a separate analysis [because] [t]he forum non conveniens analysis is predicated on the basic assumption that the clause is valid."). "If the clause controls and points to a state or foreign forum, then the court may apply the doctrine of *forum non conveniens*." *Kelvion*, 918 F.3d at 1091 (citing *Atl. Marine Constr.* 71 U.S. at

60). Accordingly, the Court considers Plaintiff's contentions that the relevant provision is not valid.

The parties' agreement provides in Clause 24, "[t]his Agreement shall be governed by the exclusive jurisdiction of the local judicial systems and laws of the Country." (Doc. No. 8-1). Plaintiff argues that this provision is ambiguous as to where claims must be pursued and further that the language of the clause does not mandate Qatar as the appropriate venue for his action. The Court first considers Plaintiff's contention that it is ambiguous and does not mandate that his claims be pursued in Qatar. The Court has little difficulty rejecting Plaintiff's ambiguity argument. Clause 1 of the Employment Agreement indicates that "Capitalized terms referred to herein are defined in Appendix A." Clause 1 provides that "employment will commence on the first working day at the location specified in Appendix A." Appendix A defines "Country" for Clause 1 as Qatar, that is the location of Plaintiff's employment. Although the Appendix does not contain a definition of "Country" for Clause 24, it is apparent to the Court that the agreement contemplates that Qatar is the reference point of Clause 24, and the remainder of the contract. Nothing in the Employment Agreement, which Plaintiff executed in Qatar for work to be performed in Qatar gives any indication that Clause 24 would apply to any other country. Clause 16, which addresses termination, has a reference in both the contract and Appendix to Qatari labor law.

Article 169 of Law No. (22) of 2004 Regarding Promulgating the Civil Code of Qatar provides that where the wording of a contract is clear, it should not be deviated from

3

in construing the parties' intent.[1] The Court finds the Employment Agreement clear. In its provisions there are no references to countries other than Qatar. Mr. Keenan agreed by contract to behave in a manner consistent with the laws of the Country of Employment, Qatar, and that Qatari labor law governed. (Clause 5) Having found no ambiguity in the terms of the Agreement, as discussed above, the Court therefore relies on Article 169 of Law No. (22) of 2004 and finds that Qatar is the place mandated for consideration of Plaintiff's breach of contract action and the related tort claims. Therefore, the Court declines Plaintiff's request to find Clause 24 ambiguous.[2]

Plaintiff further argues that Clause 24 does not constitute an agreement to resolve disputes only in Qatar, *i.e.*, that it is not mandatory. Plaintiff argues the provision does not specify venue, and that its reference to "exclusive jurisdiction" does not support the interpretation that any dispute between Plaintiff and his prior employer must be addressed in Qatar. The Court asked the parties to address Qatari law on this point. Defendant presented the affidavit of Franklin Breckenridge, associate legal counsel for Louis Berger, who is stationed in the UAE, who avers he has knowledge of the Qatari legal system. He states that under Qatari law, all employment disputes must be presented to the Qatari Ministry of Labor and asserts the Court should construe Clause 24 as mandatory. Plaintiff did not present the affidavit of any expert on Qatari law, but cited to various provisions of the Qatari labor law. In response to Defendant's assertion that Plaintiff agreed to pursue

---

[1] The Court notes that none of the translations utilized in this case are official, because the law of Qatar is written in Arabic. However, translated versions of the laws cited herein were obtained via www.almeezan.qa.
[2] Article 170 of Law No. (22) of 2004 provides that "any doubt in the wording of the contract shall be interpreted in favour of the obligor." http://www.almeezan.qa/LawArticles.aspx?LawTreeSectionID=8918&lawId=2559&language=en.

any disputes in Qatar because he worked for a Qatari company, Plaintiff offers no evidence about his expectations at the time he executed the agreement, nor does he argue he was unaware of the contractual provision. Rather, he notes that Louis Berger is headquartered in New Jersey. The Court finds that the language of Clause 24, and the use of the term "exclusive jurisdiction" supports Defendant's theory that the Qatari judicial forum is mandatory.[3]

Finally, Plaintiff also contends that Clause 24 does not apply to all of his claims, and therefore dismissal in favor of a proceeding in Qatar would be inappropriate, that is that his claims are not within the scope of the forum selection clause. As noted above, Plaintiff's claims are not limited to breach of the Employment Agreement. He additionally asserts that he was fraudulently induced into accepting the employment in Qatar and that Defendant tortiously interfered with his business relationships and prospective economic advantage because Plaintiff left his prior employment to work for Defendant in Qatar. Although Plaintiff argues that his tort claims are independent of his breach of contract claim, the undersigned disagrees. Notably, all of Plaintiff's claims stem from his decision

---

[3] If the Court were to apply federal common law to the issue, it would conclude that the use of the phrase "exclusive jurisdiction" applies to both venue and jurisdiction. "Permissive forum selection clauses authorize jurisdiction in a selected forum but do not prohibit litigation in another venue; mandatory forum selection clauses require litigation in a designated forum to the exclusion of all other forums." *MVT Enterprises, Inc. v. Comdata Network, Inc.*, 2018 WL 4442217, at *1 (D.N.M. Sept. 17, 2018)(citing *K&V Sci. Co. v. BMW AG*, 314 F.3d 494, 498 (10th Cir. 2002)). Here, the forum selection clause is mandatory. It uses the term "exclusive" in reference to both where litigation is to be undertaken, the judicial system of Qatar, and what law is to be applied, Qatari law. The clause cannot be read in the manner suggested by Plaintiff. *See Kevlion, Inc. v. Brion Energy Corp.* 2017 WL 3711500, * 3 (N.D. Okla. Aug. 28, 2017)(finding that agreeing to submit to the exclusive jurisdiction of the courts of Alberta was a mandatory forum selection clause); *Herr Industries v. CTI Systems, SA*, 112 F.Supp.3d 1174, 1179 (enforcing clause as mandatory where the parties agreed "to submit to the exclusive jurisdiction of the courts of the Grand-Duchy of Luxembourg."); *Home Basket Co. v. Pampered Chef, Ltd.*, 2005 WL 82136 at *5 (D. Kan. 2005)("sole and exclusive jurisdiction" limited venue to the court specified therein).

to execute the contract to work in Qatar and directly arise therefrom. A finding in Plaintiff's favor on his fraudulent inducement claim would implicate the merits of his breach of contract claim, because both would require Plaintiff to establish that he was deprived of the necessary tools and personnel for adequate performance of his duties in Qatar. Similarly, Plaintiff's contention that he resigned his position with his predecessor employer is premised on Defendant's alleged failure to provide him the necessary manpower to properly complete his duties under the contract. This contention is the crux of Plaintiff's breach of contract action. As argued by Defendant, courts do not permit a plaintiff to "evade enforcement of forum selection agreements through artful pleading of [tort] claims in the context of a contractual dispute." *See Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993)(internal quotation marks and citations omitted). In *Kelvion* the court noted:

> The scope of a forum-selection clause is evaluated according to ordinary principles of contractual interpretation. *See, e.g., Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 925 (10th Cir. 2005); *K & V Sci. Co. v. BMW*, 314 F.3d 494, 497 (10th Cir. 2002). Other circuits have held a forum-selection clause will apply to claims that "ultimately depend on the existence of a contractual relationship between the parties," *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983), *overruled on other grounds* by *Lauro Lines S.R.L., v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989); where "resolution of the claims relates to interpretation of the contract," *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988); or when the claims "involv[e] the same operative facts as a parallel claim for breach of contract," *Lambert v. Kysar*, 983 F.2d 1110, 1122 (1st Cir. 1993).

918 F.3d at 1092. Because Plaintiff's tort claims require proof of elements common to his contract claim, the Court finds that the forum-selection clause would encompass all of his claims.

Plaintiff does not contend that Clause 24 was the product of fraud, coercion, or overreaching but asserts that, if the Court finds the forum selection clause mandates venue in Qatar, the clause is invalid because it would foreclose any remedy due to inconveniences with proceeding in Qatar. "Forum-selection clauses . . . are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972). "[A] party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable or unjust under the circumstances." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992).

Plaintiff argues his remedies would be foreclosed because he would have to hire counsel in Qatar and that, even if physical presence is not required, he would have to contend with a major time difference between Oklahoma and Qatar. Plaintiff cites no authority finding that a time difference or the need to hire counsel in a different location presents inconvenience sufficient to invalidate a forum selection clause. Plaintiff's argument that he would likely need to travel to Qatar multiple times is rebutted by the judicial system in Qatar, which contemplates very little discovery and written submissions rather than the taking of evidence. Although undoubtedly Plaintiff would experience some inconvenience, the issues he raises do not justify non-enforcement of the forum selection clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 596–97 (1991). Having

concluded that the forum selection clause is valid, the Court next considers the *forum non conveniens* factors.[4]

Before dismissing a case under the doctrine of *forum non conveniens* the Court must find that the foreign forum is an adequate alternative to this Court. "The availability requirement is usually satisfied . . . where the defendants concede to be amenable to process in the alternative forum. *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1174 (10th Cir. 2009) (citing *Gschwind v. Cessna Aircraft Co.,* 161 F.3d 602, 606 (10th Cir. 1998). Further, the remedy provided by the alternative forum "need not be the same as that provided by the American court." *Id.* at 607. Instead, the alternative forum is not inadequate unless its remedy is "so 'clearly inadequate . . . that it is no remedy at all.'" *Id*. (quoting *Piper Aircraft v. Reyno*, 454 U.S. 235, 254-55 (1981). Here Defendant contends that Qatar provides an adequate alternative forum, which Plaintiff disputes, arguing that Defendant's reliance on Article 128 of the Labour Law 2004, is improper, because this section applies only to collective labor disputes.

The Court agrees with Plaintiff that Article 128 applies to collective labor disputes; however, Qatari law provides for individual labor complaints as well. The Labour Law of 2004 was amended by Law No. 13 of 16 August 2017, to include provisions for such claims. For example, Article 115 bis provides:

> If a dispute arises between a worker and an employer related to the application of the provisions of this law or the labour contract, each party shall refer the dispute to the Labour Relations Department or to the Human Resources Department at the Ministry, as the case may be, to settle the

---

[4] Plaintiff asserted in response to the Motion to Dismiss that the Court should utilize the *forum non conveniens* analysis applicable in the absence of a valid forum selection clause.

dispute amicably.

The competent department shall take the necessary measures to settle the dispute amicably within a maximum period of seven days as of the day on which it was referred. The outcome of the settlement shall be referred to both parties within seven consecutive days. If both parties accept it, this agreement shall be drafted in a report signed by both, and certified by the competent department. It shall have executory force.

If the dispute is not settled within the period mentioned in the previous paragraph, or if either party to the dispute refuses the settlement of the competent department, or that the period has expired, without either party having expressed its view on acceptance or rejection, the competent department shall be required to refer the dispute within three consecutive days to the workers' dispute settlement committee. A memorandum which includes a summary of the dispute, the arguments of both parties, pertinent documents and the observations of the competent department shall be attached to this referral. The secretariat of the workers' dispute settlement committee, shall fix a session for the examination of the dispute within a maximum of seven days as of the date of referral. Both the worker and the employer shall be notified of the date of the session at least three days before its convening.

The submission of the dispute settlement request to the competent department shall put a halt to the legally prescribed period set down for dropping the action for such rights, until the deadlines indicated in this article have passed.

http://www.ilo.org/dyn/natlex/docs/MONOGRAPH/104948/128415/F-437237902/ QAT104948%20Eng.pdf. The recent provisions added to Qatar's labor law call for creation of workers' dispute settlement committees and permit appeal to competent circuits of the Appellate Court. *See Qatar's New Labour Disputes Settlement Process*, Gulf Times, June 25, 2018 (https://www.gulf-times.com/story/597400/Qatar-s-new-labour-disputes-settlement-process).[5]

---

[5] Although these provisions post-date Plaintiff's Qatari employment, they apply to all disputes filed after August 2017.

Plaintiff does not argue that Defendant is not amenable to efforts to recoup his losses in Qatar. Furthermore, although neither the process nor the remedies are identical to those available in this Court, that factor is not outcome determinative.

> [An] "adequate alternative forum" may be a non-judicial alternative remedy established to specifically redress a particular set of victims. *See, e.g., Jiali Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 250-52 (4th Cir. 2011) (affirming *forum non conveniens* dismissal holding that Chinese government fund created to compensate contaminated infant formula was adequate alternative forum); *Lueck v. Sundstrang Corp.*, 236 F.3d 1137, 1143-44 (9th Cir. 2001) (same, in the context of New Zealand's government-run "Accident Compensation System," and noting that "[t]he *forum non conveniens* analysis does not look to the precise source of the plaintiff's remedy"). Moreover, "the test for adequacy is simply whether a party will have some remedy and will not be treated unfairly." *Polanco v. H.B. Fuller Co.*, 941 F. Supp. 1512, 1525 (D. Minn. 1996) (dismissing case on *forum non conveniens* grounds even though Guatemalan tort remedy was not "equivalent" to Minnesota tort remedy, and plaintiff would struggle to find a local attorney who could represent her).

*Veljkovic v. Radisson Hosp., Inc.,* No. 18-CV-2159 (SRN/BRT), 2019 WL 1367772, at *6 (D. Minn. Mar. 26, 2019); *see also Yavuz,* 576 F.3d at 1177 ("a foreign venue may be adequate even if it does not have same procedural safeguards or the identical remedies available in the United States."). Qatar provides a valid forum for consideration of labor disputes by persons employed within the country, and the Court finds that an alternative forum exists for purposes of Defendant's motion. Accordingly, Plaintiff's contention that Qatar does not offer an alternative avenue for his request or relief is without merit.[6]

---

[6] In support of his contention that Qatar is not an adequate alternative forum Plaintiff relies in part on *Boone v. MVM, Inc.*, 2007 WL 549833 (D. Colo. 2007). In *Boone*, there was a choice of law provision which the court referenced and apparently confused with a forum selection clause. Accordingly, that court was not presented with the same *forum non conveniens* arguments presented herein.

If the Court concludes there is an adequate alternative forum, it must also weigh whether the public interest factors favor dismissal.[7] The Court considers "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 62, n.6. Plaintiff argues that because most of the events occurred in Oklahoma and therefore the public interest favors denying Defendant's motion. Plaintiff does not address the above factors, he does not present any evidence regarding administrative difficulties in Qatari labor proceedings, indeed the process appears designed to move expeditiously. According to *Qatar's New Labor Disputes Settlement Process,* where the employment relationship has broken down an employee can file a claim with the Department of Labour which the Department must attempt to settle within seven days. If unsuccessful, the dispute should be transferred to the Labour Disputes Settlement Committee. The Committee should set a date for the case to be heard within three days of referral and should resolve the dispute within three weeks of an initial hearing. Either side may appeal to the Court of Appeal. *See Qatar's New Labour Disputes Settlement Process*, Gulf Times, June 25, 2018 (https://www.gulf-times.com/story/597400/Qatar-s-new-labour-disputes-settlement-process).

Qatar has a stronger interest than Oklahoma in having this dispute resolved in Qatar, the country having an interest in the treatment of its expatriate work force and in

---

[7] In his original response to the motion to dismiss Plaintiff cited certain private factors that he alleges disfavor dismissal. In a case involving a valid forum selection clause private interest factors are irrelevant. *Alt. Marine*, 571 U.S.at 64; *Kelvion*, 918 F.3d at 1094.

enforcement of its laws. Finally, Qatari justice officials are better prepared to address Qatari law. The official version of the country's laws are in Arabic, and it is apparent the translations available directly from the Qatari government lag behind with regard to amendments, translation of the 2017 amendments to the Labour Law are not yet available on Al-Meezan, the portal maintained by the Qatari Ministry of Justice.[8] Additionally, because there is no body of case law, the Court would be left assessing Qatari law with no meaningful guidance as to how to interpret and apply the same. As a result of the above, the Court concludes that the balance of public interest factors weighs in favor of enforcing the forum-selection clause and dismissing this action.

For the reasons set forth herein, Defendant's Motion to Dismiss based on *forum non conveniens* is GRANTED.

IT IS SO ORDERED this 12th day of April 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[8] *See e.g.* http://www.almeezan.qa/CustomPage.aspx?id=6&language=en ("Are all the Arabic data available in English? The site is intended to provide legal information in both Arabic and English. However, the currently available English version contains only certain legal information while the translation of the remainder is in process.").